IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GAUTHIER NTIMAMOSI,<br><br>Plaintiff,<br><br>v.<br><br>WORKFORCE DEPT, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER OF DISMISSAL<br><br>Case No. 2:23-cv-00041-CMR<br><br>Magistrate Judge Cecilia M. Romero |

### I.  BACKGROUND

On January 17, 2023, *pro se* Plaintiff Gauthier Ntimamosi (Plaintiff) filed his Complaint (ECF 2) against Defendants and was granted leave to proceed *in forma pauperis* (ECF 7). In an Order dated May 31, 2023 (Order), the court outlined the deficiencies in Plaintiff's Complaint and ordered Plaintiff to file an amended complaint addressing these deficiencies no later than June 30, 2023 (ECF 9). The Order warned Plaintiff that failure to comply may result in dismissal of this action (*Id.*). Plaintiff failed to file an amended complaint by the court-ordered deadline. On November 20, 2023, the court entered an Order to Show Cause (ECF 11) directing Plaintiff to respond in writing explaining why his case should not be dismissed for failure to prosecute and failure to comply with a court order. The Order to Show Cause again warned Plaintiff that failure to comply may result in dismissal (*Id.*). On June 21, 2024, the court issued a Second Order to File Amended Complaint giving Plaintiff one final opportunity to amend his Complaint (ECF 19). On June 24, 2024, Plaintiff filed a Notice stating that he "has no reason or intention to file another complaint, as there is nothing substantively wrong with the one initially filed" (ECF 20). To date, Plaintiff has not filed an amended complaint or otherwise complied with the Orders of this court.

## II.     DISCUSSION

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see also* DUCivR 41-2 (allowing dismissal for failure to prosecute). This court may dismiss actions *sua sponte* for failure to prosecute. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders."); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (noting courts have inherent authority to clear "their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). In determining whether dismissal is appropriate, the court considers the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Olsen*, 333 F.3d at 1204 (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

Here, all factors weigh in favor of dismissal. Although Plaintiff has made several procedurally deficient filings, Plaintiff has failed to file an amended complaint despite repeated warnings from the court that this case could be dismissed for failure to comply. Plaintiff's failure to move this matter along interferes with the judicial process, and his culpability in failing to prosecute this matter is high. There appears to be no effective lesser sanction, and there would be no actual prejudice to Defendants where they have not yet responded to the Complaint. In consideration of these factors and given that Plaintiff's failure to prosecute is coupled with repeated failures to abide by court-ordered deadlines, the court finds that the circumstances in this case warrant dismissal.

**ORDER**

Based on Plaintiff's failure to prosecute this case and abide by the orders of this court, the court hereby **DISMISSES** this case without prejudice.

DATED this 27 June 2024.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

3